Good afternoon everyone. The court calls appeal 25-1575 Scott Troogstad et al. v. City of Chicago. Mr. Lubin will begin with oral argument from you. Thank you, your honors. May it please the court, counsel. Getting right to the heart of the matter, at least as it relates to the First Amendment claim which was dismissed, there are two reasons that that claim should not have been dismissed. We'll get later to whether the motion to reconsider should have been granted and relieved to amend. The underlying complaint that was dismissed was a good complaint. There wasn't any need to dismiss it. The first reason is that what Mr. Troogstad stated in his request for an accommodation was sufficiently religious. He stated he's a Christian and his religious beliefs prevent him from vaccinating and he also said that he has a religious objection to the gene-altering nature of the mRNA vaccines. So under, and I know Passerella is a Title VII decision, it's not a First Amendment decision, but everyone seems to have analyzed, I did, my opponents did, the district court did, seem to have analyzed these claims under Passerella which gives phenomenal guidance and in my opinion really re-established what the law always was in analyzing what constitutes a request for religious accommodation. And at least the context in Passerella was a request for an accommodation that was partially said essentially is that it's not the role of the district court at that level, at the pleadings level, to determine whether something is sufficiently religious. That's potentially the role of discovery, but it's not the role of the of the district court at that level to determine that something is religious. If someone says that it's religious, then it effectively is religious. Now, Mr. Lubin, most of the other opinions that state claims or where we have found these state claims have an extra step in there. You have two sentences, but you seem to be missing the identification of the religious belief in there. For example, most of the complaints that have passed 12b6 muster have an extra sentence about how that vaccine, under my religion, my, you know, my body is my temple and I can, I won't put extra things in it. You don't have that in yours, so what should we make of that? So he does allude to that in describing the fact that he objects to the mRNA vaccine, which is gene-altering. He doesn't say it. That's true. I've seen a lot where it's my body is my temple and therefore I don't want to alter my genes. So he doesn't say that, but I think one can infer when he says that as a result of the mRNA gene-altering nature of the vaccine, he has a religious objection to it, that that is, that's clearly the inference. And he goes, you know, further in the, in his discussion with the city, but at least on the pleading that was struck, this is what was before the court. I wish he had said more, obviously. He wrote it before I was involved in his life, but what he said was sufficient. And one of the reasons it's sufficient is because it really is the role of the deliberative process to then get into that, that step that Your Honor points out. Okay, fine, explain to me how X connects to Y. And the city didn't do that, and that leads to the second reason that the, that it was a, it was error to dismiss the complaint at that point, which is, in general, and once again, here the, the procedure is outlined under Title VII, not the First Amendment, but the analysis is pretty similar. The, it was up to the city at that point to say, get me from point A to point B. Instead, what they said was, and they acknowledged, by the way, in their response, that it was a religious belief by saying, how long have you had this religious belief? In other words, what they were jumping to is the question of sincerity. Really, are you sincere in your religious belief that you, that you claim to have, or did you just make this up in order to get out of the, the COVID-19 vaccination requirement? So your point with that, Mr. Lubin, has to be that the city, the city had to have read his request as religious, because otherwise their response makes no sense. Correct. Yes, I think the city, the city read it as a request for an accommodation under religion, and they followed up with, you know. A question about religion. A question about, about the religion, right? How sincere are you in this religion? And once again, that, that's a question for discovery. That really isn't a question for pleading, so that's not why the District Court denied it anyway. Can I ask you a question about the, in, we're not talking about the Fourth Amended Complaint, I suspect you will here in a minute, but we're on the Third Amended Complaint, correct? We are. Okay, and the Third Amended Complaint, by its terms, at the damages, but I think the Fourth Amended Complaint, and maybe the second, also had a request for injunctive relief. So my question is this, to your knowledge as you stand here today, does the City of Chicago have in place a vaccine mandate? I have no idea, but what I know is that most of the people who requested an accommodation were given an accommodation, so whether they have a mandate or not may or may not be material. There was a small handful that were denied. Mr. Trugstad was one of them. So Mr., in Mr. Trugstad's complaint, by its terms, or at least the one we're talking about right now, is simply for compensatory damages? At this point, yes. Okay. Not reinstatement? I believe at the end of the Third Amended Complaint it talks about damages and reinstatement. I mean, if we want to, I'm sure he'd take it, I have no idea, but really what we're looking for, yes, is compensatory damages, yes. As applied challenge, seeking compensatory damages. Okay. I think we're entitled to reinstatement as well, but I don't think that's... Well, okay, but hold on, don't get going too fast here. I mean, there is a request for reinstatement. Is that on the table, or are you waiving it? I'm not waiving it. I just wasn't prepared to answer the question, so I'm standing on... Well, I mean, in somewhat, I mean, it's not a great question for you. The folks at the other table will know the answer to that, and we'll ask them that question in a few minutes here. Okay, that's fine. I mean, it's what's sought in the complaint, but obviously the bulk of it is the compensatory damages. Okay, but there's no, there's nothing being waived? No. Okay, I got it. Not willfully as I stand here. Maybe I'll realize later I should have, but no, not as I stand here now. Well, we're not trying to trap you with the question. We're just trying to figure out the scope of what's in front of us. No, I understand. I wasn't making light. I'm just saying that I don't know the answer as I stand here. All right. Is Mr. Trooks head working? Yes. Somewhere? Yes. So he's working somewhere else? Yes. Yeah. As I understand it, he's happy where he is. Going to... Well, I don't have a ton of time. In terms of the leave to amend, the court found with respect to Title VII that the amended complaint was sufficient and then said it's too little too late in terms of this complaint. And it was the third amended complaint that was the first one in which the court said, tell me what the specifics were of this request. And it was also the first one in which Troogstad was the only plaintiff. Up until that point, the complaint really was as to all the people that were listed, including similarly situated individuals. The court essentially said, no, this is going to be only an as-applied complaint, only people that were denied their accommodation, which is certainly fair. So the third amended complaint was the first time that that was addressed in writing. And so to say too little too late is, in my opinion, incorrect. And certainly since the court found that the fourth amended complaint or almost something that was almost virtually identical to a did state a claim, it was error to deny request for leave to amend. I forget whether I asked for three or two minutes, but I guess I'll take two minutes and I'll speak for 30 more seconds and then hand over the floor. In terms of the substantive due process claim, look, obviously in order to grant the relief I'm looking for as it relates to substantive due process, I don't see how you could do it while still upholding Klassen. But for the reasons that I laid out here, I think the court should consider rethinking Klassen. Thank you very much for your time. Mr. Lubin, before you go, the district court did not consolidate the cases, did it? I know discovery was consolidated and the court addressed the motion to dismiss, but I want to make sure this is right for appeal. So did it consolidate the cases? It didn't seem like that looking at the docket, but there was a little bit of confusing language in the order. They were separate dockets. They remain related and they were going to be, to the extent that this one, if this one had moved on, they were going to be on the same discovery schedule. Okay, thank you. Yeah, thank you. Thank you, Mr. Lubin. The remainder of your time will be reserved for rebuttal. Thank you very much. And I'll hear from Ms. Barnett. May I please the court? There are two sets of claims at issue here. Mr. Trustad's free exercise clause in the Illinois Religious Freedom Restoration Act and the substantive due process claim of the plaintiffs named in the second amended complaint. The district court properly dismissed both sets of claims. Mr. Trustad failed to plausibly allege a religion-based claim and the district court's denial of leave to amend his religion-based claim was a reasonable exercise of discretion. Plaintiff's substantive due process claim was correctly dismissed because plaintiffs failed to identify a fundamental right and the COVID-19 policy easily passes rational basis review. Is that policy still in effect? It's been, it was rescinded in February 2025. Thank you. So as we sit, as we're arguing today or we're having this proceeding in the courtroom there, the city of Chicago has no vaccine mandate in place of any kind. I'm talking about with respect to COVID. What I can say is that the has been rescinded. I, there wasn't enough kind of factual development in the record for me to speak on the nuances of how that policy is. Well it's not a record question, it's just a matter of is there anything in play with respect to testing, wearing masks, getting vaccinated? As far as I know right now I think the answer is no but if you'd like supplemental information on that if the court so orders I'd be happy to provide some supplemental or at least for the departments where your client worked. Not necessarily the the health like Cook County. Sure. Maybe that's different but at least for the the fire water transportation departments wherever your client worked. If I don't want to speak out of turn so if this court would you know with like a supplemental letter on that I'd be happy. I mean the reason of course we're asking that question is not to pop quiz you in the courtroom but rather it can go to the subject matter jurisdiction on the relief on injunctive relief. Well our position is that the claims for injunctive relief are moot and declaratory relief because the policy was rescinded. However Mr. Trugstad does have a claim. Did you tell us is that in your brief? So we asserted in our brief that the plaintiffs who received exemptions those the claims of those plaintiffs as to the substance of due process claim are moot again because there wasn't the kind of factual development in the record to kind of tease out the nuances of that we didn't make a broader argument but as to the request for injunctive relief for the plaintiffs who received injunction exemptions and our position is also any plaintiff who's seeking injunctive or declaratory relief that that would be moot. So turning to Mr. Trugstad's religion-based claims. Mr. Trugstad had to allege some facts about his religious beliefs and how those beliefs conflict with the vaccine and his allegations fail to satisfy established pleading standards. He only alleged that he's a Christian. He opposed the vaccine on the basis of his religion and the gene altering aspect of mRNA vaccinations violates his beliefs as a Christian. These were threadbare allegations. It's not plausible that being a Christian standing alone conflicts with getting a vaccine. Common sense tells us that there are many many people with Christian beliefs who have been vaccinated and there's nothing inherent about an alleged gene altering aspect of mRNA vaccinations that conflicts with Christian beliefs. Mr. Trugstad needed to allege some facts to hold his claim together and he failed to do that. Does the case turn on how strong the inference is of connection that Judge St. Eve was talking about that extra sentence? It does that he he needed to fill out that claim and every case the many that we cite in our brief that has considered this kind of claim there need there was more meat on the bones. There was something explaining some facts explaining what it is about his beliefs the plaintiff's beliefs as a Christian or whatever they follow and what about the vaccine conflicts with those beliefs. It's not a it's not a high standard it's just the standard pleading standard but Mr. Trugstad still failed to meet it and Pasarella does not permit the kind of bare explanation that Mr. Trugstad provided. That decision clarified that a religious objection under title 7 can sound in religious and non-religious terms but it did not change the requirement that the religious component of the objection must be adequately pled with some factual support and that's what Mr. Trugstad's third amended complaint failed to do. What do you do with the the allegation if anything in paragraph 30 where at least as alleged which we have to accept that the city comes back and wants additional information about his religion including when he started practicing and all that so if that's to be accepted as true what the first part of what you're arguing at least to some degree is that you can't read paragraph 28 and construe it as a religious objection okay but the city his employer at least for a while must have interpreted his objection as religious or else paragraph 30 doesn't make any sense. I think Mr. Trugstad still needed to put in his complaint what his religious objection is. Those facts needed to be in the complaint I think. So is that to say it's legally irrelevant that his employer thought, believed, concluded that he was objecting on the basis of religion and it just wanted some more information about the religion? In this case yes in this case we I don't think you can we don't believe you can make that inference from paragraph 30 that what he pled was something religious it's not that's not an inference the fact that it requested additional information does not Mr. Trugstad still in in that response that doesn't put in his complaint what he how he responded what are the other beliefs that he has? Let's fine-tune that though you can conclude from further to Judge Scudder's question you can conclude that the the matter was religious it's just the additional facts that are necessary to connect the religion to the vaccine. There's a there's a difference between what you've argued and then and then and then what the case law is is required. Right he needs to allege what is his religious belief he needs to allege in the complaint but the facts in the complaint that he had or a belief that was religious and that it conflicted with the vaccine those facts are not in the complaint. Whatever it's not on the city to elicit the facts for him or to elicit the questions so that he can fill out his complaint and he had all the information available to him his exemption request was denied over two years before he filed the third amendment complaint it was denied even several months before he filed his second amendment complaint he had all that information available to him and he failed to put it in his complaint and we know that he had it because he put it Mr. Troofstad put it in his motion to reconsider the full text is right there there was nothing stopping him from filling out the complaint as he was required to do and on that score I'll turn to the denial of leave to amend a repeated failure to cure deficiencies and pleadings as grounds to deny leave to amend standing alone and Mr. Troofstad was informed multiple times during this litigation that he needed to allege some specific facts to state an as-applied religion-based claim he was informed of this when this court denied his request for a preliminary injunction the city alerted him to this deficiency when he sought leave to file a second minute complaint and then the district court when it dismissed Mr. Troofstad second amendment complaint told him that he failed to include any facts to support an as-applied religion-based claim and even given those opportunity all those opportunities he did not include the facts that he had in his possession so under those circumstances the district court was well within its discretion to deny leave to amend based on his repeated failure to cure deficiencies and previously allowed amendments he was also allowed to amend his title 7 complaint so he can still pursue his allegations in another case I'll just briefly address plaintiff substantive due process claim this court in location already rejected this claim nothing's changed since then it's the same claims was pled there and every court to have considered the issue including this one has found that there's no fundamental right to refuse vaccination and that rational basis review applies vaccinations a community matter and the cases identifying a fundamental right for an individual to refuse unwanted medical treatment don't apply here and the vaccination requirement here easily passes rational basis review for the reasons that we discussed in our brief there's no other questions we ask that the judgment of the district court be affirmed thank you miss Barnea mr. Lubin will give you two minutes for a bottle just a couple things first of all the language of passerella is an employee seeks accommodation because of their religion when their request by its terms is plausibly based at least in part on some aspect of their religious belief or practice in based upon that language a person saying because I'm Jewish X that's a request for accommodation based on religion and and I think councils was simply incorrect when she said it's not on the city to ask the follow-up question at least under title 7 it's specifically on the city to ask the follow-up question that if if the city thinks that this is not a request under for persons of the based on a person's religion it's up to them to say wait a minute explain to us how that has to do with your religion and I think what what counsel said was it's not plausible that being a Christian conflicted with the mandate based upon the fact that other Christians have gotten the vaccine and and respectfully it's it's exactly that claim that was really problematic about the city's approach right from the beginning it's true there are many Christians that got the vaccine good people and there are many Christians that objected to the vaccine based upon their understanding of Christianity and it's not that's not up to the court and it's certainly not up to the city to say this is what Christianity means but aren't you making aren't you proving the point because if there are some Christians that do and some Christians that don't it's what about being the Christian from their perspective sure exit a violation sure and it's the stuff respectfully it's the stuff of discovery what exactly is it about being a Christian that makes or as part of a deliberate process that the city was required to engage in instead of saying I accept that that's a religious accommodation there you don't get this claim later when you come to court that really what you meant was something else because what I wrote was exactly what he claimed in his request for an accommodation I accept that that's a religious accommodation now tell me about whether you were sincere about it that's one thing in terms of if I could just get 30 seconds sure in terms of my apologies in terms of mootness the council did address it in the brief and it was it was it was not just simply you know pro forma there was an argument about mootness but I did want to respond to since it came up the the objection to mootness was the challenge actually there's an exception to mootness doctrine which is when something can could be repeated that exceptionally applies on the challenge actions to shorten duration to be fully litigated clearly that's a case here and when there's a reasonable expectation that the same complaining party will be subject to the same action again it was that second point that they pointed out we know I didn't really argue anything but the realistically these were all employees of the city and they're continuing to be put employees of the city so if there is another situation like this it'll be exactly these same people that will be impacted by it other than mr. Trugstad because he's not an employee of the city and it's certainly not moot as to him mr. Lumen currently the title 7 case pending before judge Durkin rule 16 order has been issued at the end of October I'm sorry what the title 7 case currently pending before judge Durkin a rule 16 order was entered at the end of October in that case continues forward yes that case continues forward we have a we extended our discovery schedule a little bit but yeah that case is still moving absolutely Thank You mr. Lubin Thank You mrs. Bernier the case will take it under advisement